**IN THE UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF MARYLAND**

|  |  |  |
|---|---|---|
| SUSANA DEL CARME SERPAS HENRIQUEZ, *et al.*, | ) ) ) | |
| | ) | |
| Plaintiffs, | ) | Civil Action No. 8:24-cv-01051-LKG |
| | ) | |
| v. | ) | Dated: March 25, 2025 |
| | ) | |
| QUICK STOP & DELI, LLC, *et al.*, | ) | |
| | ) | |
| Defendants. | ) | |
| | ) | |

**MEMORANDUM OPINION**

## I.    INTRODUCTION

The Plaintiffs, Susana del Carme Serpas Henriquez ("Plaintiff Serpas") and Glendy Yamileth Granados Andrade ("Plaintiff Granados"), allege in this civil action that the Defendants, Quick Stop & Deli, LLC ("Defendant Quick Stop"), Hugo A. Lopez-Lopez ("Defendant Lopez"), and Ana O. Martinez ("Defendant Martinez"), failed to pay the Plaintiffs overtime premium rates for overtime hours performed, in violation of the Fair Labor Standards Act ("FLSA"), 29 U.S.C. § 201 *et seq.*, the Maryland Wage and Hour Law ("MWHL"), Md. Code Ann. Lab. & Empl. §§ 3-415 and 3-427, and the Maryland Wage Payment and Collection Law ("MWPCL"), Md. Code Ann. Lab. & Empl. §§ 3-505 and 3-507.2.  *See generally* ECF No. 3.  On October 8, 2024, the parties filed a joint motion for the approval of their FLSA settlement (the "Settlement Agreement") that would resolve these claims and allow Plaintiff Serpas to recover $26,412.50 in unpaid wages and $26,412.50 in liquidated damages, and Plaintiff Granados to recover $18,370.00 in unpaid wages and $18,370.00 in liquidated damages.  *See generally* ECF No. 9; *see also* 29 U.S.C. § 216(b) (requiring Court approval to release FLSA claims brought by an employee in a private right of action).  On January 15, 2025, the parties filed a supplement to their joint motion for approval of the Settlement Agreement, seeking to approve the payment of attorneys' fees in the amount of $15,103.36 and costs in the amount of $896.64 to Plaintiffs' counsel.  ECF No. 10.

The Court held a fairness hearing on the parties' proposed Settlement Agreement on March 25, 2025. ECF No. 15. For the reasons set forth below, and stated during the fairness hearing, the Court: (1) **GRANTS** the parties' joint motion for approval of settlement; (2) **APPROVES** the Settlement Agreement; (3) **AWARDS** Plaintiff Serpas Henriquez **$26,412.50** in unpaid wages and **$26,412.50** in liquidated damages; (4) **AWARDS** Plaintiff Granados **$18,370.00** in unpaid wages and **$18,370.00** in liquidated damages; and (5) **AWARDS** Plaintiffs' counsel **$15,103.36** in attorneys' fees and **$896.64** in costs.

## II.    FACTUAL BACKGROUND AND PROCEDURAL HISTORY[1]

### A.    Factual Background

In this civil action, Plaintiffs Serpas and Granados allege that Defendants Quick Stop, Lopez and Martinez failed to pay them wages for certain work performed and overtime premium rates for overtime hours performed, in violation of the FLSA, the MWHL and the MWPCL. ECF No. 3. The parties have reached a Settlement Agreement that would resolve the Plaintiffs' claims for unpaid wages, which the parties agree now only include unpaid overtime premium rates for overtime hours performed, and liquidated damages, with the Plaintiffs receiving one hundred percent of the amount that they allege they are owed: $26,412.50 for Plaintiff Serpas and $18,370.00 for Plaintiff Granados, and an equal amount as liquidated damages for each Plaintiff. ECF No. 9-3. The Defendants have agreed to pay the Plaintiffs' reasonable attorneys' fees in the amount of $15,103.36 and costs in the amount of $896.64. ECF No. 10-1. The parties also agree that no attorneys' fees and costs will be deducted from the Plaintiffs' recovery in this matter. *Id.* at 1 ¶ 1(b). And so, the parties request that the Court approve their Settlement Agreement. ECF Nos. 9, 9-1 and 10.

As background, on May 6, 2024, the Plaintiffs filed the amended complaint in this civil action, alleging that the Defendants violated the FLSA, the MWHL and the MWPCL, by failing to pay them overtime premium rates for certain overtime hours that they worked. ECF No. 3. Shortly thereafter, the Defendants retained counsel, who promptly initiated a settlement dialogue with Plaintiffs' counsel. ECF No. 9-1 at 2.

---

[1] The facts recited in this memorandum opinion are derived from the amended complaint, the parties' joint motion for approval of the Settlement Agreement and memorandum in support thereof, and the parties' supplemental memorandum. ECF Nos. 3, 9, 9-1 and 10.

The parties represent to the Court that they concluded early in the litigation that an amicable resolution of this lawsuit is in their respective interests, due to the risks and expenses associated with litigation. *Id.* And so, counsel for the Plaintiffs and the Defendants have been engaged in settlement negotiations since the inception of this litigation. *Id.*

During the parties' settlement negotiations, the Defendants provided records of the Plaintiffs' hours and pay to Plaintiffs' counsel. *Id.* The Plaintiffs provided comments on the wage and hour records to the Defendants, and the Defendants accepted their comments. *Id.* Using the time and payroll records, and relying on their own recollection to fill any gaps in the records, the Plaintiffs calculated their damages for the relevant periods. *Id.* In this regard, Plaintiff Serpas calculated that, for the period of March 22, 2021, through March 31, 2024, the total sum due to her for hours worked for the Defendants was $26,412.99 in unpaid wages. *Id.* Plaintiff Granados calculated that, for the period of April 22, 2021, through December 31, 2023, the total sum due to her for hours worked for the Defendants was $18,370.00 in unpaid wages. *Id.* at 2-3. The Plaintiffs also sought liquidated damages in an amount equal to their estimated unpaid wages. *Id.* at 3.

The Settlement Agreement

The parties' Settlement Agreement provides for the Plaintiffs' recovery of 100 percent of their estimated unpaid wages and the maximum amount of liquidated damages that might be available to them under the FLSA. ECF No. 9-3. And so, in exchange for their claims and potential claims under the FLSA, MWHL and MWCPL against the Defendants, the Plaintiffs have agreed to accept a total payment in the amount of $89,565.00 ("Settlement Amount") as reflected below:

    i.   One check in the gross amount of $26,412.50 as payroll, subject to usual and ordinary payroll tax deductions, payable Susana Del Carme Serpas Henriquez on a regular payroll check, to be reported as W-2 earnings;

    ii.   One check in the amount of $26,412.50 for liquidated damages, made payable to Melehy & Associates LLC f/b/o Susana Del Carme Serpas Henriquez, to be reported as Miscellaneous Income on a Form 1099;

    iii.   One check in the gross amount of $18,370.00 as payroll, subject to usual and ordinary payroll tax deductions, payable Glendy Yamileth Granados Andrade on a regular payroll check, to be reported as W-2 earnings; and

    iv.   One check in the amount of $18,370.00 for liquidated damages, made payable to Melehy & Associates LLC f/b/o Glendy Yamileth Granados Andrade, to be reported as Miscellaneous Income on a Form 1099.

*Id.* at 1.

Lastly, the parties have reached an agreement for the Defendants to pay the Plaintiffs' reasonable attorneys' fees in the amount of $15,103.36 and costs in the amount of $896.64.  ECF No. 10-1.

### B.    Procedural History

The Plaintiffs filed the amended complaint on May 6, 2024.  ECF No. 3.  On October 8, 2024, the parties filed a joint motion seeking approval of the Settlement Agreement.  ECF No. 9.  On January 15, 2025, the parties filed a supplemental memorandum to their joint motion seeking approval of the Settlement Agreement.  ECF No. 10.  On March 25, 2025, the Court held a fairness hearing regarding the parties' Settlement Agreement.  ECF No. 15.

## III.    LEGAL STANDARDS

### A.    The Fair Labor Standards Act

Congress enacted the FLSA to protect workers from poor wages and long hours that can result from substantial inequalities in bargaining power between employers and employees.  *See* S. Rep. No. 884, at 3-4 (1937); H.R. Rep. No. 1452, at 9 (1937); *see also Duprey v. Scotts Co. LLC*, 30 F. Supp. 3d 404, 407 (D. Md. 2014); *Saman v. LBDP, Inc.*, No. 12-1083, 2013 WL 2949047, at *2 (D. Md. June 13, 2013).  The FLSA provides that "no employer shall employ" a covered employee in excess of 40 hours in a week unless the employee is paid at "a rate not less than one and one-half times the regular rate at which he is employed" for each additional hour worked.  29 U.S.C. § 207(a)(1).  The statute's provisions are mandatory and generally are not subject to bargaining, waiver or modification by contract or settlement.  *Brooklyn Sav. Bank v. O'Neil*, 324 U.S. 697, 706-07 (1945).

A Court-approved settlement is an exception to this rule.  29 U.S.C. § 216(b); *Duprey*, 30 F. Supp. 3d at 407.  The Court may approve a settlement of an FLSA claim, "provided that the settlement reflects a 'reasonable compromise of disputed issues' rather than 'a mere waiver of statutory rights brought about by an employer's overreaching.'"  *Saman*, 2013 WL 2949047, at *2 (quoting *Lynn's Food Stores, Inc. v. United States*, 679 F.2d 1350, 1354 (11th Cir. 1982)).  While the United States Court of Appeals for the Fourth Circuit has not directly addressed the factors to be considered when approving a FLSA settlement agreement, "district courts in this circuit typically employ the considerations set forth by the Eleventh Circuit in *Lynn's Food Stores*."  *Id.* at *3 (citations omitted).  And so, to approve a FLSA settlement agreement, the

4

Court must find that: (1) there are FLSA issues actually in dispute; (2) the settlement agreement is fair and reasonable; and (3) the proposed attorneys' fees, if included in the agreement, are reasonable.[2]  *See Duprey*, 30 F. Supp. 3d at 408 (citations omitted).  These factors are most likely to be found where there is an "assurance of an adversarial context" and the employee is "represented by an attorney who can protect their rights under the statute."  *Lynn's Food Stores*, 679 F.2d at 1354.

## IV.    ANALYSIS

The parties request that the Court approve the Settlement Agreement upon the grounds that the Settlement Agreement is fair and reasonable.  *See generally* ECF No. 9.  For the reasons set forth below, and stated during the hearing held in this matter on March 25, 2025, the Court: (1) GRANTS the parties' joint motion for approval of settlement; (2) APPROVES the Settlement Agreement; (3) AWARDS Plaintiff Serpas Henriquez $26,412.50 in unpaid wages and $26,412.50 in liquidated damages; (4) AWARDS Plaintiff Granados $18,370.00 in unpaid wages and $18,370.00 in liquidated damages; and (5) AWARDS Plaintiffs' counsel $15,103.36 in attorneys' fees and $896.64 in costs.

### A.  The Parties Have Shown That The Settlement Agreement Reflects A Reasonable Compromise Of A *Bona Fide* FLSA Dispute

While the United States Court of Appeals for the Fourth Circuit has not directly addressed the factors to be considered when approving an FLSA settlement agreement, this Court has routinely considered three issues: (1) whether there are *bona fide* FLSA issues in dispute; (2) whether the settlement agreement is fair and reasonable; and (3) if included in the agreement, whether the proposed attorneys' fees are reasonable.  *See Duprey*, 30 F. Supp. 3d at 408 (citations omitted).  In determining the first issue—whether a *bona fide* FLSA dispute

---

[2] To determine whether a *bona fide* FLSA dispute exists, "courts examine the pleadings in the case, along with the representations and recitals in the proposed settlement agreement."  *Duprey v. Scotts Co. LLC*, 30 F. Supp. 3d 404, 408 (D. Md. 2014) (citations omitted).  This Court has found *bona fide* FLSA disputes to exist where a defendant denies wrongdoing, disputes employee misclassification, or asserts an affirmative defense.  *See, e.g.*, *De La Cruz v. Chopra*, No. 18-337, 2018 WL 2298717, at *2 (D. Md. May 21, 2018); *Tomeh v. Veriphyr, Inc.*, No. 21-2914, 2022 WL 1422897, at *2 (D. Md. May 5, 2022).  The Court must then assess the proposed settlement agreement for fairness and reasonableness, taking into consideration: (1) the extent of discovery that has taken place; (2) the stage of the proceedings, including the complexity, expense, and likely duration of the litigation; (3) the absence of fraud or collusion; (4) the experience of counsel who represented the plaintiffs; (5) the opinions of counsel; and (6) the probability of the plaintiff's success on the merits and the amount of the settlement in relation to the potential recovery. *Duprey*, 30 F. Supp. 3d at 409.

exists—the Court "examine[s] the pleadings in the case, along with the representations and recitals in the proposed settlement agreement." *Id.* (citations omitted). And so, this Court has found that a *bona fide* FLSA dispute exists where a defendant denies wrongdoing, disputes employee misclassification or asserts an affirmative defense. *See, e.g.*, *De La Cruz v. Chopra*, No. 18-337, 2018 WL 2298717, at *2 (D. Md. May 21, 2018); *Tomeh v. Veriphyr, Inc.*, No. 21-2914, 2022 WL 1422897, at *2 (D. Md. May 5, 2022).

In this case, the amended complaint and joint motion for approval of the Settlement Agreement establish that there is a *bona fide* FLSA dispute between the parties, because the parties disagree about whether any FLSA violation by the Defendants was willful and whether the Defendants were liable beyond the FLSA for the Plaintiffs' state law claims under the MWHL and MWPCL. ECF Nos. 3 and 9-1 at 5. In the amended complaint, the Plaintiffs allege that the Defendants' failure to pay the Plaintiffs overtime premium rates was willful. ECF No. 3 at ¶¶ 21 and 23. And so, the Plaintiffs allege that the FLSA statute of limitations is three years in this matter. *Id.* at ¶ 23.

The Defendants, however, dispute that any FLSA violation was willful, which would change the FLSA statute of limitations in this matter to two years. *See* ECF No. 9-1 at 5; 29 U.S.C. § 255(a). The Defendants also dispute that there has been a MWHL or MWPCL violation in this matter. ECF No. 9-1 at 5. Given this, the Court is satisfied that the parties have a *bona fide* dispute as to whether the Plaintiffs are entitled to unpaid wages, and, if so, how much. *See id.*; *Lynn's Food Stores*, 679 F.2d at 1354; *De La Cruz*, 2018 WL 2298717, at *2.

The Court is also satisfied that the Settlement Agreement reflects a fair and reasonable compromise of the parties' *bona fide* FLSA dispute. To determine whether the proposed Settlement Agreement at issue here is fair and reasonable, the Court considers: (1) the extent of discovery that has taken place; (2) the stage of the proceedings, including the complexity, expense, and likely duration of the litigation; (3) the absence of fraud or collusion; (4) the experience of counsel who represented the Plaintiffs; (5) counsel's opinions; and (6) the probability of the Plaintiffs' success on the merits and the amount of the settlement in relation to the potential recovery. *See Duprey*, 30 F. Supp. 3d at 409. These factors support a finding that the Settlement Agreement is fair and reasonable for several reasons.

First, with regard to the extent of discovery and the stage of these proceedings, the parties acknowledge that formal discovery has not begun in this case. ECF No. 9-1 at 7. But the parties

have engaged in informal discovery, in an effort to resolve the FLSA dispute. *Id.* at 5. In this regard, on three separate occasions during the parties' settlement discussions, the Defendants provided records of the Plaintiffs' hours and pay to Plaintiffs' counsel. *Id.* at 2. The Plaintiffs provided comments on the wage and hour records to the Defendants, and the Defendants accepted their comments. *Id.* Using the time and payroll records, and relying on their own recollection to fill any gaps in the records, the Plaintiffs calculated their damages for the relevant periods. *Id.* In this regard, Plaintiff Serpas calculated that, for the period of March 22, 2021, through March 31, 2024, the total sum due to her for hours worked for the Defendants was $26,412.99 in unpaid wages. *Id.* Plaintiff Granados calculated that, for the period of April 22, 2021, through December 31, 2023, the total sum due to her for hours worked for the Defendants was $18,370.00 in unpaid wages. *Id.* at 2-3. The Plaintiffs also sought liquidated damages in an amount equal to their estimated unpaid overtime wages. *Id.* at 3. And so, the parties have shown that they effectively exchanged information relevant to the Plaintiffs' FLSA claims to determine the amount of her unpaid work and any compensation owed to the Plaintiffs as a result. *Id.*

Second, the considerable experience of counsel in this case in litigating FLSA matters also weighs in favor of accepting the Settlement Agreement. The Plaintiffs are represented by experienced attorneys in this matter, including their lead counsel, Omar Vincent Melehy, of the law firm of Melehy & Associates LLC, who has 37 years of legal experience and has served as lead counsel in more than 70 cases before this Court and the United States District Court for the District of Columbia. ECF No. 10-3. Mr. Melehy's co-counsels in this case are Suvita Melehy, who has 28 years of legal experience, Andrew Balashov, who has eight years of legal experience, and Sasho Todorov, who has six years of legal experience. ECF Nos. 10 at 6, 10-4 and 10-5.

The information before the Court also shows that Mr. Melehy and the other attorneys at his law firm have litigated numerous FLSA wage cases in the District of Maryland and the District of Columbia. ECF Nos. 10-3, 10-4 and 10-5. Given this, the Court is satisfied that Plaintiffs' counsel are experienced in wage-and-hour matters and have years of experience in employment law generally. ECF Nos. 10-3, 10-4 and 10-5.

The probability of the Plaintiffs' success on the merits, and the proposed settlement amount in relation to the potential recovery in this case, also demonstrate that the Settlement Agreement is fair and reasonable. The parties maintain that the uncertainty of the availability of actual and liquidated damages under the FLSA, and exemplary damages under the MWHL and

MWPCL, demonstrates that the Settlement Amount is fair and reasonable. ECF No. 9-1 at 6-7. The parties further maintain that taking the matter though formal discovery, trial and any likely appeal would consume valuable time and resources and expose the parties to further unnecessary risk. *Id.* at 7. And so, there are litigation risks for both parties if this matter proceeds. In addition, under the Settlement Agreement, the Plaintiffs will recover 100% of the unpaid overtime and liquidated damages sought in this matter. *Id.* at 3. Given this, the parties persuasively argue that the Settlement Agreement is in the Plaintiffs' best interests and represents a fair and reasonable compromise.

Lastly, the Court observes that there is no suggestion of fraud or collusion in this case. The Plaintiffs' attorneys have represented the Plaintiffs since the beginning of this litigation. ECF No. 3. The parties also state that the Settlement Agreement "is the product of good-faith bargaining between the parties, absent any fraud or collusion, with advice of competent legal counsel on both sides." ECF No. 9-1 at 7. Notably, the payment of the Plaintiffs' attorneys' fees and costs will be independent of their recovery under the Settlement Agreement. ECF No. 10-1 at 1 ¶ 1(b).

And so, for all of the aforementioned reasons, the Court is also satisfied that the Settlement Agreement reflects a reasonable compromise, given the inherent risks and costs associated with further litigation of this matter. *See Saman*, 2013 WL 2949047, at *5; *De La Cruz*, 2018 WL 2298717, at *1.

**B. The Award Of Attorneys' Fees And Costs To Plaintiffs' Counsel Are Reasonable**

As a final matter, the Court is also satisfied that the attorneys' fees and costs that the Defendants have agreed to pay to Plaintiffs' counsel are reasonable. Because the Settlement Agreement includes an award of attorneys' fees and costs, the Court independently considers whether these fees and costs are reasonable. *Lynn's Food Stores*, 679 F.2d at 1354.

When calculating an award of attorneys' fees, "the Court must determine the lodestar amount, defined as a 'reasonable hourly rate multiplied by hours reasonably expended.'" *Lopez v. XTEL Constr. Grp., LLC*, 838 F. Supp. 2d 346, 348 (D. Md. 2012) (quoting *Grissom v. The Mills Corp.*, 549 F.3d 313, 320-21 (4th Cir. 2008); *Plyler v. Evatt*, 902 F.2d 273, 277 (4th Cir. 1990)). An hourly rate is reasonable if it is "in line with those prevailing in the community for similar services by lawyers of reasonably comparable skill, experience and reputation." *Blum v. Stenson*, 465 U.S. 886, 895 n.11 (1984); *see also Thompson v. U.S. Dep't of Hous. & Urban*

*Dev.*, No. 95-309, 2002 WL 31777631, at *6 n.18 (D. Md. Nov. 21, 2022). And so, this Court has established rates that are presumptively reasonable for lodestar calculations in Appendix B to its Local Rules. *See* L.R. App. B. (D. Md. 2023).

Here, the Settlement Agreement provides for the payment of attorneys' fees in the amount of $15,103.36 and costs in the amount of $896.64, for a total payment of $16,000.00. ECF Nos. 10 at 3 and 10-1 at 2. The parties' supplemental memorandum to the joint motion for approval of the Settlement Agreement also states that the Plaintiffs' attorneys and their law clerks and paralegals expended approximately 52 hours on this matter, which does not include time anticipated for the fairness hearing in this case. ECF No. 10 at 3-4. After subtracting 6.2 "no-charge" hours, the Plaintiffs' attorneys state that they expended 45.8 billable hours on this matter. *Id.* at 4. These billable hours are confirmed by the billing records that Plaintiffs' counsel have submitted in support of their motion for approval. ECF No. 10-2. The Plaintiffs' counsel also represent to the Court that significant attorney hours were spent reviewing the Defendants' time and payroll records to determine the Plaintiffs' damages.

With regard to the hourly rates for Plaintiffs' counsel, Plaintiffs' counsel represent to the Court that Mr. Melehy's billing rate is $675.00 per hour, Ms. Melehy's billing rate is $625.00 per hour, Mr. Balashov's billing rate is $450.00 per hour, Mr. Todorov's billing rate is $300.00 per hour and the firm's law clerk and paralegal billing rate is $240.00 per hour. ECF No. 10 at 6. While these billing rates are somewhat higher than the presumptively reasonable rates for lodestar calculations under the Court's Local Rules, the parties persuasively argue that these rates are "reflective of the current market rates in this locality for employment attorneys who practice in federal court." *Id.*

Having accepted Plaintiffs' counsel's proposed hourly rates as reasonable, the Court next observes that the "lodestar amount, defined as a 'reasonable hourly rate multiplied by hours reasonably expended'" is $16,991.00 in this case. *See Lopez*, 838 F. Supp. 2d at 348; ECF No. 10 at 3. The parties have agreed to an award of $15,103.36 in attorneys' fees, which is below this figure and results in the recovery of an amount of attorneys' fees that reflects approximately an 11% reduction of the lodestar amount. ECF No. 10 at 3. Importantly, none of these attorneys' fees will be deducted from the Plaintiffs' award of unpaid wages and liquidated damages. *Id.* And so, the Court is satisfied that the Plaintiffs' attorneys' fees are reasonable.

Lastly, the parties have also shown that the costs to be recouped by the Plaintiffs' counsel under the Settlement Agreement are reasonable. The Plaintiffs' attorneys represent to the Court that they incurred $896.64 in expenses while litigating this matter, including filing fees, the cost for service of process, photocopy expenses associated with printing copies of the Plaintiffs' time and payroll records, legal research expenses and postage costs. ECF No. 10-4 at 2 ¶ 6. The parties indicate that the Settlement Agreement will cover all of these costs. ECF No. 10 at 7 and 8. The Court is satisfied that these costs accurately reflect the litigation expenses incurred by Plaintiffs' counsel in this case. And so, the Court will APPROVE the award of attorneys' fees in the amount of $15,103.36 and the award of costs in the amount of $896.64.

**V.    CONCLUSION**

In sum, the Court is satisfied that the Settlement Agreement constitutes a fair and reasonable compromise of the parties' *bona fide* dispute under the FLSA and that the attorneys' fees and costs provided for in the Settlement Agreement are reasonable. And so, for the foregoing reasons, the Court:

(1) **GRANTS** the parties' joint motion for approval of the Settlement Agreement (ECF No. 9);

(2) **APPROVES** the Settlement Agreement as a fair and reasonable resolution of the parties' *bona fide* FLSA dispute;

(3) **AWARDS** Plaintiff Serpas Henriquez **$26,412.50** in unpaid wages and **$26,412.50** in liquidated damages;

(4) **AWARDS** Plaintiff Granados **$18,370.00** in unpaid wages and **$18,370.00** in liquidated damages; and

(5) **AWARDS** Plaintiffs' counsel **$15,103.36** in attorneys' fees and **$896.64** in costs.

A separate Order shall issue.

**IT IS SO ORDERED.**

s/Lydia Kay Griggsby
LYDIA KAY GRIGGSBY
United States District Judge